## Exercise of Fiduciary Powers by National Banks

SAYLOR, Deputy Attorney General, November 25, 1933.—You have asked to be advised upon the following questions:

1. If a National banking association, having its place of business in Pennsylvania, possessed the right to act as a fiduciary before July 3, 1933, may it continue to exercise that right after July 3, 1933, even though its surplus does. not at least equal its capital?

2. If a National banking association, having its place of business in Pennsylvania, acquired fiduciary powers prior to July 3, 1933, can it be obliged to increase its capital and surplus to the same extent as a State bank and trust company or trust company?

3. If a National banking association, having its place of business in Pennsylvania, is created after July 3, 1933, pursuant to a plan of reorganization of a prior existing association with fiduciary powers, may the new association exercise fiduciary powers without complying with the State law establishing capital and surplus requirements for State institutions with fiduciary powers which were created after July 3, 1933?

Section 1506 (e) of the Banking Code of May 15, 1933, P. L. 624, provides that:

"Any national banking association having authority under the laws of the United States to act as trustee, guardian, executor, administrator, or similar fiduciary, shall, upon the adoption by its board of directors of a resolution agreeing to place its trust department under the supervision of the Department of Banking, and upon the transmission of a certified copy of such resolution to the Department of Banking, be authorized to act as such fiduciary in this Commonwealth."

Section 11 of the Federal Reserve Act of December 23, 1913, c. 6, 38 Stat. at L. 251, as amended by section 2 of the Act of September 26, 1918, c. 177, 40 Stat. at L. 967, 12 U. S. C. § 248, provides, in part, as follows:

"The Federal Reserve Board shall be authorized and empowered: . . .

"(k) To grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into

competition with national banks are permitted to act under the laws of the State in which the national bank is located.

"Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this chapter."

Paragraph (k) of the section quoted also provides:

". . . That no permit shall be issued to any national banking association having a capital and surplus less than the capital and surplus required by State law of State banks, trust companies, and corporations exercising such powers."

It is clear that Congress intended that national banks doing business in a State should have the same power as State banks to transact a fiduciary business, but that national institutions exercising fiduciary powers must have the same qualifications as are required of State banks before they may exercise such powers.

We answer your inquiries in detail as follows:

1. Section 401 of the Banking Code provides the minimum capital for institutions engaging in a trust business in communities of various populations.

Section 402 prescribes the minimum capital for an institution exercising trust powers on July 3, 1933, when the code became effective; provides that such institution shall not be required to maintain a capital of, or to increase its capital to, more than 100 percent above the minimum required by the law prior to July 3, 1933; and specifies the method for increasing its capital.

Section 413 requires an institution incorporated under the act to maintain a surplus of at least 100 percent of its capital.

Section 414 provides that an institution existing prior to the effective date of the act, which has a surplus less than 100 percent of its capital, shall at the close of each dividend period, or at least annually, if no dividend is paid, credit to capital not less than one half of its net earnings for such period, until its surplus shall equal not less than 100 percent of its capital.

The code does not prohibit a bank and trust company or trust company which, prior to July 3, 1933, was authorized to and did transact a fiduciary business, from continuing to transact such business, even though its surplus is not 100 percent of its capital.

Section 413, which we have referred to above, provides also that a new institution created under the act shall have a surplus equal to at least 50 percent of its capital, but shall build up such surplus after incorporation to 100 percent.

As our law allows a State institution to function as a fiduciary with a surplus of only 50 percent of its capital, a National institution may be granted a permit under the act of Congress to function as a fiduciary in Pennsylvania, even though its surplus be only 50 percent of its capital, when its permit is issued. Such National banking association must, however, comply with the provisions of section 414 of the Banking Code and build up its surplus to 100 percent of its capital in the same fashion as a State institution would be compelled to do.

2. The answer to your first inquiry in part answers the second.

If a National banking association exercising powers as a fiduciary prior to July 3, 1933, does not have the surplus which the Banking Code requires of a State institution to qualify it to act as a fiduciary, the National association must build up its surplus to the same extent as would be required of a State institution. Meantime, it may continue to exercise its fiduciary powers.

3. Your third inquiry raises the question whether a National banking association, which has, after July 3, 1933, been created to succeed a prior National

association which exercised fiduciary powers before July 3, 1933, may itself exercise such powers without having the surplus required of State institutions with fiduciary powers which are incorporated after July 3, 1933.

The new National bank is a separate, distinct, and entirely new entity. It must meet the capital and surplus requirements established by law for State institutions which exercise fiduciary powers. The Act of Congress makes this clear. A permit should not be issued to such a National banking association, authorizing it to exercise trust powers under the laws of this State, unless it has the capital and surplus required by the Banking Code for a State bank and trust company or trust company incorporated after July 3, 1933.

In summary, we advise you that:

1. A National banking association created before July 3, 1933, and possessing fiduciary powers may after that date exercise such powers, even though its surplus does not equal its capital; but it must proceed to increase its surplus to equal its capital.

2. A National banking association created before July 3, 1933, and acquiring fiduciary powers after that date, must build up its surplus to equal its capital; but in the meantime it may function as a fiduciary.

3. A National banking association created after July 3, 1933, whether or not it be successor to an association which exercised fiduciary powers prior to that date, must have the same capital and surplus as are required of a State institution created after July 3, 1933, which exercises fiduciary powers.

From C. P. Addams, Harrisburg, Penna.